**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Wesley Adolf PETERS, Defendant—**
**Appellant.**

**No. 04–10513.**
**D.C. No. CR–91–00431–RGS.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 17, 2005.*

Decided Oct. 19, 2005.

Darcy A. Cerow, Asst. U.S. Atty., Office´ of the U.S. Attòrney, Phoenix, AZ, for Plaintiff–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Michael D. Gordon, Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

## MEMORANDUM**

■ Wesley Adolf Peters appeals the district court's sentence upon revocation of his supervised release. He argues that the district court "affirmatively misadvised" him of the consequences of admitting violations of his supervised release when it did not inform him that it could sentence him to a term of supervised release following his prison sentence. This argument is foreclosed by *United States v. Segal*, which establishes that admissions during sentence revocation hearings need not be "knowing and voluntary." 549 F.2d 1293, 1298 (9th Cir.1977). Furthermore, since Peters did not object in the district court, we apply the "plain error" standard of review. *See Jones v. United States*, 527 U.S. 373, 388, 119 S.Ct. 2090, 144 L.Ed.2d 370 (1999). Because Peters specifically requested that the court impose a term of supervised release following his prison sentence, we cannot conclude that any error "affect[ed] the fairness, integrity, or public reputation of [the] judicial proceedings." *Johnson v. United States*, 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (internal quotation marks and citation omitted).

■ Peters argues that, because he was arrested pursuant to an unsworn warrant, the district court lacked jurisdiction over the revocation proceedings under *United States v. Vargas–Amaya*, 389 F.3d 901, 907 (9th Cir.2004). However, Peters was arrested *during* the term of his supervised release, so *Vargas–Amaya* is not applicable and *United States v. Ortuno–Higareda* governs. 421 F.3d 917, 920–22 (9th Cir. 2005). Because Peters' arrest was pursuant to 18 U.S.C. § 3583(e)(3), which expressly allows for warrantless arrests, "noncompliance with the Warrant Clause" does not create "a jurisdictional defect where revocation occurs before expiration of the supervised release term." *Id.* at 921–22. Such an arrest is not illegal. *See United States v. Murguia–Oliveros*, 421 F.3d 951, 955 (9th Cir.2005). Even if the arrest were illegal, we would not apply the exclusionary rule to the revocation proceeding because doing so would not deter future illegal conduct when the defendant could have been arrested without any warrant. *See Oregon v. Elstad*, 470 U.S. 298, 306, 105 S.Ct. 1285, 84 L.Ed.2d 222 (1985).

■ Peters also argues that *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) should apply to revocation proceedings. *Booker* cannot apply to these proceedings because the applicable Guidelines sections have never been mandatory guidelines. *See United States v. George*, 184 F.3d 1119, 1122 (9th Cir.1999). Because the provisions were advisory policy statements only, there is no constitutional or non-constitutional error associated with sentences issued under these Guidelines. *See United States v. Ameline*, 409 F.3d 1073, 1078 (9th Cir. 2005) (en banc). Nor does *Booker* change the requirement that violations of supervised release be proved by a preponderance of the evidence. *Booker* requires that facts used to enhance a sentence either be admitted by the defendant or

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

proved to the jury beyond a reasonable doubt. 125 S.Ct at 756. There is no Sixth Amendment right to a jury trial associated with revocation proceedings. *Segal,* 549 F.2d at 1298. Instead, violations of the conditions of release "need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt." *Johnson v. United States,* 529 U.S. 694, 700, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000). Because *Booker* does not change how the district court conducts revocation proceedings, the district court's revocation of supervised release and the imposition of sentence are **AFFIRMED.**

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.