**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Pamela Lynn ELLIOTT, Defendant—**
**Appellant.**

No. 05–50271.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 9, 2006.*

Decided Jan. 19, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*   Fed. R.App. P. 34(a)(2).

Craig H. Missakian, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

David M. Philips, Esq., Riverside, CA, for Defendant–Appellant.

Before: HUG, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

## MEMORANDUM**

Pamela Lynn Elliott appeals from the district court's order revoking her supervised release and sentencing her to 24 months in prison. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo whether a district court had jurisdiction over a supervised release violation, *United States v. Vargas–Amaya*, 389 F.3d 901 (9th Cir.2004), and we affirm.

Elliott contends that the district court lacked jurisdiction to revoke her term of supervised release and impose an additional sentence. We disagree. Because Elliott's term of supervised release was tolled while she absconded from supervision, *see United States v. Murguia–Oliveros*, 421 F.3d 951, 952 (9th Cir.2005), and while she served her state prison sentence, *see* 18 U.S.C. § 3624(e), she was still serving her term of supervised release when the district court revoked it and imposed the 24–month sentence. Accordingly, the district court properly exercised jurisdic-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

tion. *See Murguia–Oliveros*, 421 F.3d at 952.

**AFFIRMED.**