**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Brian Richard SCHWEITZER,
a/k/a Brian Richard Lance,
Defendant—Appellant.**

No. 05–50450.

United States Court of Appeals,
Ninth Circuit.

Submitted June 8, 2006.\*

Decided June 19, 2006.

Becky S. Walker, Esq., Jennifer A. Corbet, Esq., Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Fredricco McCurry, Esq., Van Nuys, CA, for Defendant–Appellant.

Before: D.W. NELSON, RAWLINSON, and BEA, Circuit Judges.

MEMORANDUM \*\*

Brian Richard Schweitzer was convicted in 2001 of assault upon a federal officer in violation of 18 U.S.C. § 111. He now appeals from the district court's decision to revoke his supervised release and sentence him to twenty-four months' imprisonment.

Schweitzer claims that, because the warrant for his arrest was not based on sworn allegations, the district court lacked jurisdiction under 18 U.S.C. § 3583(i) to revoke his supervised release after the period of supervised release had expired. *See United States v. Vargas–Amaya*, 389 F.3d 901, 906 (9th Cir.2004). However, the district court did not need a warrant—sworn or unsworn—to revoke Schweitzer's supervised release because, at the time of Schweitzer's arrest and revocation hearing, the period of supervised release had not yet expired. *See* 18 U.S.C. §§ 3583(e)(3) & 3606; *United States v. Murguia–Oliveros*, 421 F.3d 951, 952–53 (9th Cir.2005). Although Schweitzer's period of supervised release was originally scheduled to expire on November 25, 2004, the period was tolled for over three years while Schweitzer was in state custody. *See* 18 U.S.C. § 3624(e); *United States v.*

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Schmidt,* 99 F.3d 315, 319 (9th Cir.1996), *overruled on other grounds by United States v. Palomba,* 182 F.3d 1121, 1123 (9th Cir.1999). Independently, the period of supervised release was tolled while Schweitzer remained a fugitive for having violated the conditions of his supervised release. *See Murguia–Oliveros,* 421 F.3d at 955. Both periods of tolling far exceeded the interval between the originally scheduled expiration date and the date of the revocation hearing.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.