[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13386
Non-Argument Calendar

_____

Agency Nos. A78-603-021
A78-603-022

ADRIANA TORRES GAMBOA,
LUIS EDUARDO NINO NORIEGA,
ADRIANA LUCIA NINO TORRES,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(April 15, 2008)**

Before BIRCH, DUBINA and MARCUS, Circuit Judges.

PER CURIAM:

Lead petitioner Adriana Torres Gamboa, her husband Luis Eduardo Nino Noriega, and their minor daughter, all natives and citizens of Colombia, petition this Court to review the final order of the Board of Immigration Appeals ("BIA"), which affirmed the immigration judge's (IJ") denial of asylum under the Immigration and Nationality Act ("INA").[1] Petitioners argue the BIA erred by affirming the IJ's denial of asylum, which was based on the IJ's finding that Gamboa did not establish refugee status because she failed to show a <u>nexus</u> between her political opinion or membership in a particular social group (medical personnel) and threats made by the National Liberation Army ("ELN").[2] After careful review, we deny the petition.

We review the BIA's decision "except to the extent the BIA expressly adopts the IJ's decision." <u>Chacon-Botero v. U.S. Att'y Gen.</u>, 427 F.3d 954, 957 n.3 (11th Cir. 2005). To the extent the BIA adopts the IJ's decision, we also review the IJ's decision. <u>Al Najjar v. Ashcroft</u>, 257 F.3d 1262, 1284 (11th Cir. 2001). Although here, the BIA did not expressly adopt the IJ's decision, the BIA

---

[1]Because Petitioners have not established a case for asylum, we do not consider whether they satisfied the higher standard for withholding of removal under the INA or CAT relief. <u>See</u> <u>Forgue v. Att'y Gen.</u>, 401 F.3d 1282, 1288 n. 4 (11th Cir. 2005).

[2]To the extent Petitioners also raise an argument concerning Gamboa's credibility, the IJ found her to be credible and the BIA affirmed that finding. We see no occasion to revisit the issue of her credibility here.

did agree with the IJ's reasoning and briefly articulated its reasons for doing so,[3] and, thus, this Court reviews both decisions. Chacon-Botero, 427 F.3d at 956. To the extent that the IJ's and the BIA's decisions were based on a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The IJ's factual determinations are reviewed under the substantial evidence test, meaning that we "must affirm the BIA's [and the IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (quotation omitted). Under the substantial evidence test, the denial of asylum may be reversed only if the evidence would compel a reasonable factfinder to find that the requisite fear of persecution exists. I.N.S. v. Elias-Zacarias, 502 U.S. 478, 481 n.1 (1992).

An alien who arrives in or is present in the United States may apply for asylum. See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1). The Attorney General has discretion to grant asylum if the alien meets the INA's definition of a "refugee." See INA § 208(b)(1), 8 U.S.C. § 1158(b)(1). A "refugee" is any person who is unwilling to return to her home country or to avail himself of that country's protection "because of persecution or a well-founded fear of persecution on

---

[3]The Board also cited one of its own decisions, Matter of Burbano, 20 I&N Dec. 872, 874 (BIA 1994), for the proposition that "adoption or affirmance of a decision of an Immigration Judge, in whole or in part, is 'simply a statement that the Board's conclusions upon review of the record coincide with those which the Immigration Judge articulated in his or her decision.'" In any event, the parties agree that our review encompasses both decisions.

account of race, religion, nationality, membership in a particular social group, or political opinion . . . ." 8 U.S.C. § 1101(a)(42)(A).

The asylum applicant carries the burden of proving statutory "refugee" status. See Al Najjar, 257 F.3d at 1284; 8 C.F.R. § 208.13(a). The applicant satisfies this burden by showing, with specific and credible evidence: (1) past persecution on account of a statutorily listed factor, or (2) a "well-founded fear" that his or her statutorily listed factor will cause future persecution. Al Najjar, 257 F.3d at 1287; 8 C.F.R. § 208.13(a), (b). In order to be eligible for asylum, the asylum applicant must -- in addition to demonstrating past persecution or a well-founded fear of future persecution -- establish that such persecution is "on account of" one of the enumerated statutory grounds. 8 U.S.C. § 1101(a)(42)(A); see also 8 U.S.C. § 1158(b)(1)(B)(i) ("To establish that the applicant is a refugee ... the applicant must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant"); Mazariegos v. U.S. Att'y Gen., 241 F.3d 1320, 1323 (11th Cir. 2001) (stating that the asylum applicant must provide evidence that "he was mistreated because of his political opinion, or one of the other grounds, rather than for some other reason.") (internal quotations omitted). "Demonstrating such a connection requires the alien to present specific, detailed facts showing a good reason to fear that he or she will be singled out for persecution on account of [a

statutory factor]." Al Najjar, 257 F.3d at 1287 (internal quotations and citation omitted) (emphasis in original).

Here, the facts do not compel us to conclude, contrary to the IJ's factual findings and the BIA's decision, that Gamboa met her burden to establish a nexus between her political opinion or membership in a social group (medical personnel) and the incidents on which she relies to show past persecution and a well-founded fear of future persecution. As the BIA put it:

> [T]he respondents failed to establish that they faced a well-founded fear of persecution in Colombia on account of their political opinion or any other protected ground. The Immigration Judge properly noted that the guerillas are not focused on the lead respondent's political ideology, but rather, that she was speaking to youths and thus hindering their recruitment efforts, and because she herself refused to join the guerillas to provide medical care to their soldiers.

On this record, viewing the evidence in the light most favorable to the BIA's conclusion, and drawing all reasonable inferences in favor of that decision, the evidence presented in this case does not compel a conclusion contrary to the finding of the BIA on the nexus element of Gamboa's asylum claim.

**PETITION DENIED.**

5