**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Kamaludeen Adeboye GIWA,**
**Defendant—Appellant.**

No. 08–10043.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 19, 2008.

Filed June 15, 2009.

Robert Lawrence Ellman, Esquire, Assistant U.S., Eric Johnson, Esquire,. Assis-

tant U.S., Camille W. Damm, Assistant U.S., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Richard A. Schonfeld, Esquire, Goodman & Chesnoff, Las Vegas, NV, for Defendant–Appellant.

Before: CANBY and WARDLAW, Circuit Judges, and MILLS,* District Judge.

### MEMORANDUM **

Kamaludeen Adeboye Giwa was charged along with eight other individuals in a fifteen-count indictment alleging various fraud-related offenses. After the district court denied Giwa's pretrial motion to suppress evidence seized during a search of his apartment, he pled guilty to counts one through fourteen of the indictment and was sentenced to serve a total of 150 months' imprisonment. Giwa raises several issues on appeal. Finding no error, we affirm.

■ Giwa contends that the arrest warrant in this case was deficient because it was not based upon sworn facts. Giwa was accused of violating his supervised release conditions pursuant to 18 U.S.C. § 3606 because his period of supervision had not yet ended. Section 3606 explicitly provides, in part, that an arrest may be made without a warrant

> [i]f there is probable cause to believe that a probationer or a person on supervised release has violated a condition of his probation or release, he may be arrested, and, upon arrest, shall be taken without unnecessary delay before the

court having jurisdiction over him. A probation officer may make such an arrest wherever the probationer or releasee is found, and may make the arrest without a warrant.

18 U.S.C. § 3606. Because there was probable cause to believe that Giwa had violated a condition of his supervised release, the arrest warrant did not violate his rights under the Fourth Amendment. "Under the terms of [§ 3606], a released defendant can be arrested without a warrant during the period of supervised release for violating the terms of that supervised release." *United States v. Murguia–Oliveros,* 421 F.3d 951, 952 (9th Cir.2005); *see id.* ("[The defendant] was arrested pursuant to a warrant based on facts that were not sworn. We have held that under these circumstances, a revocation of supervised release must occur during the term of supervised release."). Once the supervised release term expires, however, it can be revoked "only if a warrant based on sworn facts was issued within the supervised release period." *Id.* at 953; *see United States v. Vargas–Amaya,* 389 F.3d 901, 907 (9th Cir.2004) (holding that "a district court's jurisdiction to revoke supervised release can be extended beyond the term of supervision under [18 U.S.C.] § 3583(i), based upon a warrant issued during the term of supervision, only if the warrant was issued 'upon probable cause, supported by Oath or affirmation,' as required by the Fourth Amendment."). Accordingly, this appeal is governed by § 3606 and *Murguia–Oliveros,* rather than § 3583(i) and *Vargas–Amaya.*

■ Giwa's remaining arguments are without merit. We need not determine whether officers had probable cause to believe that Giwa was present at his apart-

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

ment on October 8, 2004, because we agree with the district court's conclusion that the entry "involved no search for and no seizure of any evidence or receipt of any information that in any way advanced the postal inspectors' investigation." Additionally, the district court did not clearly err in finding that certain documents and other items that appeared to be incriminating were in plain view upon the officers' entry into Giwa's apartment on October 9. We further hold that the magistrate judge's refusal to continue the suppression hearing to allow counsel to pursue the possibility of presenting another witness was not an abuse of discretion. *See United States v. Tafollo–Cardenas,* 897 F.2d 976, 979 (9th Cir.1990) (holding that the district court did not err in disallowing a witness's testimony that, even if favorable, "would have added nothing new and been 'merely cumulative' ").

We do not reach Giwa's argument that the district court erred in imposing a four-level enhancement under U.S.S.G. § 3B1.1(a), based on his role as an organizer or leader of the conspiracy, because the plea agreement includes a waiver of the right to appeal the district court's sentencing guideline determinations, except for upward departures. Even if Giwa did not waive the issue, his argument fails because there was a factual basis for the leadership enhancement.

Giwa further contends that the prosecutor violated the plea agreement by disingenuously recommending a sentence at the low end of the applicable Guidelines range. Although Giwa claims to have objected before the district court, the portion of the record that he cites does not support his contention. Consequently, his claim is reviewed for plain error. *See Puckett v. United States,* — U.S. —, 129 S.Ct. 1423, 1428–29, 173 L.Ed.2d 266 (2009).

Giwa is unable to establish any error, let alone plain error, because the Government's recommendation of a sentence at the low end of the applicable range complied with the language of the plea agreement.

**AFFIRMED.**