**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50210 |
| Plaintiff - Appellee, | D.C. No. 2:88-cr-00732-RSWL-1 |
| v. | |
| GERALD MARK WILLIAMS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

Argued and Submitted January 13, 2012
Pasadena, California

Before:    W. FLETCHER and FISHER, Circuit Judges, and ZOUHARY,
District Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

Defendant-Appellant Gerald Mark Williams ("Williams") appeals the district court's revocation of his supervised release on the ground of lack of jurisdiction. We reverse and remand.

In the proceedings below, both the government and the district court appear to have acted based on the erroneous assumption that a December 22, 2003, bench warrant stayed Williams's term of supervised release pursuant to 18 U.S.C. § 3583(i). Section 3583(i) does not toll a defendant's term of supervised release; rather, it extends the district court's jurisdiction "beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." Absent tolling, § 3583(i) cannot provide a basis for the district court's exercise of jurisdiction to revoke supervised release based on Williams's January 31, 2011, conviction.

Absent tolling, Williams's supervised release expired on June 17, 2005, five and one-half years prior to the January 31, 2011, conviction that served as the basis of the district court's revocation. However, under the law of this Circuit, a defendant's term of supervised release is tolled while the defendant is in fugitive status. *See United States v. Murguia-Oliveros*, 421 F.3d 951, 954 (9th Cir. 2005). The government argues for the first time on appeal that, due to two periods of

2

fugitive tolling, Williams's supervised release had not expired prior to the violation upon which the district court based its revocation. For the purposes of considering this argument, as well as considering whether it has been waived, we grant Williams's request for judicial notice of a March 9, 2009, detainer lodged against him, as well as the government's request for judicial notice of the abstract of judgment in the California case *People v. Allen Arnold Stewart*, No. A06603638 (Cal. Super. Ct., filed Mar. 9, 2011), and the criminal docket for the district court proceedings in *United States v. Gerald Mark Williams*, No. 3:11-mj-00850-BLM-1 (S.D. Cal., terminated Mar. 15, 2011).

We "may affirm on any ground supported by the record even if it differs from the rationale of the district court." *Nat'l Wildlife Fed'n v. U.S. Army Corps of Eng'rs*, 384 F.3d 1163, 1170 (9th Cir. 2004) (internal quotation marks omitted). To support its fugitive tolling argument, the government relies upon factual statements contained in pre-sentence reports drafted by Williams's probation officer. Williams disputes these factual contentions. Because the fugitive tolling issue was not briefed and argued below, and because we have no factfinding by the district court, we cannot definitively determine Williams's supervised release status for the two disputed periods during which he was either deported or a fugitive.

"Issues not presented to a district court generally cannot be heard on appeal." *Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006); *see also United States v. Monreal*, 301 F.3d 1127, 1131 (9th Cir. 2002) (waiver of tolling issue); *Jiminez v. Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (same). However, a party's failure to raise an argument in the district court may be excused if "necessary to prevent manifest injustice." *Llamas v. Butte Cmty. Coll. Dist.*, 238 F.3d 1123, 1127 (9th Cir. 2001) (internal quotation marks omitted). Because Williams's own actions helped create the ambiguities in the record concerning the periods for which Williams's supervised release status is disputed, we remand to the district court for evidentiary development and consideration of the issue of fugitive tolling.

Williams also argues that the district court violated his Sixth Amendment right to counsel by forcing him to choose, at his revocation hearing, between self-representation and representation by an appointed attorney with whom he had expressed dissatisfaction in open court. We are concerned that Williams may have been improperly pressured into representing himself during the revocation hearing. However, since it appears that Williams will be represented at any hearings on remand, we do not address that question.

REVERSED and REMANDED.