NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50329 |
| Plaintiff - Appellee, | D.C. No. 3:99-cr-00606-GT-1 |
| v. | |
| GABRIEL HUMBERTO GARCIA-OCAMPO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gordon Thompson, Senior District Judge, Presiding

Argued and Submitted July 11, 2012
Pasadena, California

Before: TALLMAN and N.R. SMITH, Circuit Judges, and BURGESS, District
Judge.[**]

Gabriel Humberto Garcia-Ocampo appeals the revocation of his term of

supervised release, arguing the district court had no jurisdiction to revoke

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Timothy M. Burgess, District Judge for the United
States  District Court for Alaska, sitting by designation.

supervised release. He also challenges the procedural reasonableness of the sentence imposed. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse, vacate Garcia-Ocampo's sentence, and remand to the district court for further proceedings.

1. The district court found it had jurisdiction to revoke the term of supervised release, because the delay in revocation proceedings was reasonably necessary. On de novo review, we find that the delay after Garcia-Ocampo was taken into state custody in 2009 was reasonably necessary. 18 U.S.C. § 3583(i); *see United States v. Garrett*, 253 F.3d 443, 449–50 (9th Cir. 2001). However, we cannot tell whether the eighteen-month delay prior to that time was reasonably necessary. *See Garrett*, 253 F.3d at 449–50.

The Government argued in the district court that the fugitive tolling doctrine should apply to extend the term of Garcia-Ocampo's supervised release past its original end date. At oral argument, the Government argued that the fugitive tolling doctrine could prevent the term of supervised release from ending until Garcia-Ocampo's state arrest in 2009. Under the fugitive tolling doctrine, a defendant's term of supervised release is extended while he is in "fugitive status." *United States v. Watson*, 633 F.3d 929, 931 (9th Cir. 2011). "A defendant is in fugitive status when he fails to comply with the terms of his supervised release."

*Id.* "Tolling of a supervised release term extends the date the term is set to expire so long as the defendant remains a fugitive." *United States v. Delamora*, 451 F.3d 977, 980 (9th Cir. 2006). The fugitive tolling doctrine applies to prevent a person on supervised release from receiving "credit against his period of supervised release for time [when], by virtue of his own wrongful act, he was not in fact observing the terms of his supervised release." *United States v. Murguia-Oliveros*, 421 F.3d 951, 954 (9th Cir. 2005). "Fugitive tolling begins when the defendant absconds from supervision . . . and ends when federal authorities are capable of resuming supervision." *United States v. Ignacio Juarez*, 601 F.3d 885, 890 (9th Cir. 2010) (per curiam).

Because the district court held that the entire three-and-a-half-year delay was reasonably necessary without considering Garcia-Ocampo's fugitive status, the record is not sufficiently developed for us to adequately determine when federal authorities were capable of resuming supervision of Garcia-Ocampo (the period of time for which Garcia-Ocampo's term of supervised release should be tolled). Absent tolling, the term of supervised release would have expired on September 6, 2007. Applying the fugitive tolling doctrine in this case may extend the term of supervised release to the time Garcia-Ocampo was taken into state custody (after

3

which time the delay was reasonably necessary).  Thus, we remand the issue of fugitive tolling to the district court on an open record for consideration.

2.  Garcia-Ocampo also challenges the procedural reasonableness of his sentence.  A district court must "announce its calculated Guidelines range to the parties and . . . consider expressly the § 3553(a) factors."  *United States v. Waknine*, 543 F.3d 546, 554 (9th Cir. 2008).  Because the district court did not explain the Guidelines range or expressly consider the § 3553(a) factors, we conclude that the district court committed plain error that prejudiced Garcia-Ocampo.  *See id*. at 554–55.  If the district court determines that the fugitive tolling doctrine applies such that, in combination with the time Garcia-Ocampo was in state custody, the entire period of delay was reasonably necessary, then Garcia-Ocampo must be re-sentenced as well.  Thus, we vacate Garcia-Ocampo's sentence and remand to the district court for further proceedings consistent with this disposition.

**REVERSED, VACATED AND REMANDED.**