**NOT FOR PUBLICATION**

JUN 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50281 |
| Plaintiff - Appellee, | D.C. No. 2:88-cr-00732-RSWL-1 |
| v. | |
| GERALD MARK WILLIAMS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted April 8, 2013
Pasadena, California

Before: REINHARDT and MURGUIA, Circuit Judges, and MOLLOY, District
Judge.[**]

Gerald Mark Williams appeals the district court's revocation of his

supervised release. He argues that the district court lacked jurisdiction to order

revocation of his supervised release because the term of his supervision had

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

1

expired before the violation upon which the district court based its revocation. We reverse.

At the May 10, 2011 revocation hearing the district court asserted jurisdiction based on the erroneous assumption that a December 22, 2003 bench warrant stayed Williams's term of supervised release pursuant to 18 U.S.C. § 3583(i). We reversed and remanded for evidentiary development and consideration of whether jurisdiction might instead rest on the grounds that Williams's supervised release was tolled for two disputed periods when he was either deported or a fugitive. *United States v. Williams*, 467 F. App'x 628 (9th Cir. 2012). On remand, the district court found Williams was a fugitive and his supervised release was accordingly tolled from December 1, 1999 to May 27, 2001 and from September 7, 2003 to March 9, 2009. The court concluded jurisdiction to revoke Williams's supervised release was properly exercised because he was still subject to supervision following these two periods of fugitive tolling.

We have jurisdiction under 28 U.S.C. § 1291. A district court's exercise of jurisdiction to revoke a term of supervised release is reviewed de novo. *United States v. Ignacio Juarez*, 601 F.3d 885, 888 (9th Cir. 2010) (per curiam).

In the revocation proceedings below, it was the government's burden to prove the facts surrounding both periods of fugitive tolling. *See United States v.*

2

*Sumner*, 226 F.3d 1005, 1010 (9th Cir. 2000) (holding the burden of establishing jurisdiction is on the party asserting a cause is properly before the court). The government did not meet this burden as to the first period, where it was alleged Williams was a fugitive because he absconded from supervision from December 1, 1999 to May 27, 2001.

It is undisputed that Williams self-deported to Belize in November 1999. A defendant who leaves the country after having been ordered deported has been deported as a matter of law. 8 U.S.C. § 1101(g) ("any alien ordered deported or removed . . . who has left the United States, shall be considered to have been deported in pursuance of law . . ."); *see Mrvica v. Esperdy*, 376 U.S. 560, 563-64 (1964). Therefore, when Williams, a citizen of Belize, returned to Belize under an order of deportation, he did not abscond from supervision but rather left the United States as ordered by the Immigration and Naturalization Service. The period of supervision continues to run while a non-citizen defendant is outside the United States pursuant to a deportation order. *Ignacio Juarez*, 601 F.3d at 890; *United States v. Murguia-Oliveros*, 421 F.3d 951, 952, 954 (9th Cir. 2005). A deported non-citizen has absconded for purposes of fugitive tolling when he reenters the United States and fails to conform with the condition of his supervised release requiring him to advise his probation officer of his presence. *Ignacio Juarez*, 601

3

F.3d at 890.

Williams's probation officer allowed him to leave the country and requested that he provide documentation of his presence in Belize on arrival.[1] His attorney sent his Notification of Departure to the probation officer. Later, at the probation officer's request, the United States Embassy sent a letter to the probation office confirming Williams's presence in Belize. Williams's probation officer was evidently dissatisfied with this proof confirming Williams's presence in Belize. On hearing of the probation officer's concern, Williams took further action to comply with the officer's direction to provide documentation. Williams contacted his attorney, who followed up by submitting a corrected Notification of Departure. The probation officer made no further effort to contact the embassy or Williams's attorney to alleviate his concerns about the completeness and accuracy of any of the information he received.

The evidence in the record, including the submissions by Williams's attorney and the United States Embassy letter to the probation officer, establish

---

[1]Williams moves requesting judicial notice of portions of his probation office file produced by the government in this appeal, not part of the record below. This Court may in narrow circumstances take judicial notice of matters not otherwise included in the record on appeal. *See Lowry v. Barnhart*, 329 F.3d 1019, 1024 (9th Cir. 2003) (citing Fed. R. Evid. 201(f); *EEOC v. Ratliff*, 906 F.2d 1314, 1318 n.6 (9th Cir. 1990)). The documents here were produced by the government and comprise part of Williams' probation office file. Judicial notice of the presence of the documents in the government's file is appropriate. Williams motion for judicial notice is accordingly GRANTED.

Williams's presence in Belize and confirm his intent to comply with the instructions of his probation officer. There is not sufficient evidence that these communications were motivated by Williams's desire to travel as he pleased and mislead his probation officer. The district court's conclusions that Williams was a fugitive from December 1, 1999 to May 27, 2001 and that his supervised release was tolled for that period were erroneous.

The government does not dispute that in the absence of this period of fugitive tolling, the district court did not have jurisdiction to revoke Williams's supervised release. We therefore reverse the district court's judgment and vacate Williams's sentence. Because we reverse, we need not reach the other issues Williams raises in this appeal.

**REVERSED.**