**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-30021 |
| Plaintiff-Appellee, | D.C. No. 18-17-SEH-01 |
| v. | |
| OMAR GALLARDO TORRES, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, Senior District Judge, Presiding

Argued and Submitted December 12, 2019
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and PRATT,** District
Judge.

Defendant-Appellant Omar Gallardo Torres, a citizen of Mexico, appeals the

district court's imposition of a five-year term of supervised release that the court

labeled "inactive" while Gallardo Torres is outside the United States under a

---

\*      This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Robert W. Pratt, United States District Judge for the Southern
District of Iowa, sitting by designation.

lawful deportation order. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, *United States v. Collins*, 684 F.3d 873, 888 (9th Cir. 2012), and affirm.

A term of supervised release cannot be tolled, stayed, or suspended while a person is outside the United States pursuant to a lawful deportation order.[1] *See United States v. Ignacio Juarez*, 601 F.3d 885, 890 (9th Cir. 2010) (per curiam); *United States v. Murguia-Oliveros*, 421 F.3d 951, 952, 954 (9th Cir. 2005). However, the district court here did not impose a tolled, stayed, or suspended term of supervision. Rather, the court acknowledged that while Gallardo Torres was not residing in the country, he could not be directly and actively supervised by the Probation Office and would therefore be under inactive supervision. If Gallardo Torres thereafter returned to the United States, he would then be subject to active supervision.

**AFFIRMED.**

---

[1] Gallardo Torres's claim is ripe for review on direct appeal because his supervised release term forms "a part of the district court's sentence, which is a final judgment subject to immediate appeal." *United States v. Rodriguez-Rodriguez*, 441 F.3d 767, 771–72 (9th Cir. 2006) (citing 18 U.S.C. § 3742(a)).