**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-2662 |
| Plaintiff-Appellee, | D.C. No. 2:10-cr-00381-AG-1 |
| v. | MEMORANDUM[*] |
| ISABEL RICO, AKA Bad Girl, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted March 4, 2025[**]
Pasadena, California

Before: IKUTA and CHRISTEN, Circuit Judges, and LIBURDI,[***] District Judge.

Defendant Isabel Rico appeals from the district court's revocation of her

supervised release and imposition of a 16-month prison sentence, followed by a

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Michael T. Liburdi, United States District Judge for the District of Arizona, sitting by designation.

new two-year period of supervised release. We have jurisdiction under 18 U.S.C.
§ 3742 and 28 U.S.C. § 1291, and we affirm.

Contrary to Rico's assertion, we are bound by circuit precedent applying the
fugitive tolling doctrine. *See, e.g.*, *United States v. Crane*, 979 F.2d 687, 691 (9th
Cir. 1992); *United States v. Murguia-Oliveros*, 421 F.3d 951, 954 (9th Cir. 2005);
*United States v. Ignacio Juarez*, 601 F.3d 885, 889 (9th Cir. 2010) (per curiam).
The fugitive tolling doctrine is consistent with *Bowles v. Russell*. 551 U.S. 205,
214 (2007). *Bowles* held that the Supreme Court cannot create an equitable
exception to a jurisdictional requirement created by Congress. *Id.* at 213, 214.
Because Congress has not stripped the courts of jurisdiction over implementation
of a term of supervised release, the fugitive tolling doctrine is not "clearly
irreconcilable" with intervening higher authority. *Miller v. Gammie*, 335 F.3d 889,
893 (9th Cir. 2003) (en banc).

Here, the district court correctly concluded that the fugitive tolling doctrine
applied. Rico absconded in May 2018, after she had served five months of a 42-
month term of supervised release. This means that she had 37 months of
supervised release remaining. Pursuant to the fugitive tolling doctrine, Rico's term
of supervised release was tolled while she was a fugitive from May 2018 to
January 2023, a period of four years and eight months. After tolling ended in

2

January 2023, Rico's term of supervised release would have expired in February 2026, i.e., 37 months from January 2023. Therefore, the district court had the authority to revoke Rico's 42-month term of supervised release—and to sentence her to 16 months in prison, followed by two years of supervised release—based on violations that the probation office first raised in February 2023. *See* 18 U.S.C. § 3583(i).

Finally, we conclude that this case does not meet the standard for en banc review. *See* Fed. R. App. P. 40. Therefore, we decline to reconsider the fugitive tolling doctrine en banc. *See* 9th Cir. Gen. Ord. 5.2 (stating that a three-judge panel can deny initial en banc review on behalf of the Court).

**AFFIRMED.**