**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1383
_____

UNITED STATES OF AMERICA

v.

MARQUIS SMALLS, a/k/a Speedy,
                              Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1:13-cr-00226-001)
District Judge: Honorable Christine P. O'Hearn
_____

Before: KRAUSE, MATEY, and SCIRICA, *Circuit Judges*

(Opinion filed: September 5, 2025)

Alison Brill
Office of Federal Public Defender
800 Cooper Street, Suite 350
Camden, NJ 08102

      *Counsel for Appellant*

Mark E. Coyne
Richard J. Ramsay
Office of United States Attorney
970 Broad Street, Room 700
Newark, NJ 07102

*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

KRAUSE, *Circuit Judge*.

Supervised release is a common component of a sentence, but it is also conditional, so when a defendant is found by the district court to have violated its terms, the court has authority to revoke his supervised release and return him to detention. *See* 18 U.S.C. § 3583(e). But what about the period between the defendant's initial appearance for a violation and the district court's finding that it, in fact, occurred?

In this case, Appellant Marquis Smalls argued unsuccessfully before the District Court that it lacked authority to detain him pending his revocation hearing. On appeal, Smalls moved for release from custody; we denied the motion in a summary order; and Smalls then filed the petition for rehearing now before us. We will again deny the motion, but because we have not spoken precedentially on this issue, we will grant the petition for rehearing to provide a fuller explanation for our decision.

2

## I.    Background

After Smalls pleaded guilty in 2013 to conspiring to distribute heroin in violation of 21 U.S.C. §§ 841 and 846, the District Court sentenced him to 110 months' imprisonment to be followed by five years' supervised release. As set forth in his judgment of conviction, his supervised release was conditioned on compliance with certain terms, including, as relevant here, that the defendant "shall not commit another federal, state, or local crime" and that he "shall not illegally possess a controlled substance." D.C. Dkt. No. 23 at 4.

Smalls has been on supervised release since December 2020 and has repeatedly violated its terms, resulting in multiple remands to home detention. But the violations continued. In June 2024, Smalls was arrested and detained by state officials on heroin-trafficking charges. The United States Probation Office then charged Smalls with eight violations of his terms of supervised release and successfully petitioned the District Court for an arrest warrant. As a result, when Smalls was released from state custody, he was transferred to the custody of the United States Marshals Service and presented before the District Court[1] for an initial appearance pursuant to Federal

---

[1] Federal Rule of Criminal Procedure 32.1 provides that a magistrate judge presides at the initial appearance and preliminary hearing in revocation proceedings. Fed. R. Crim. P. 32.1(a), (b)(1). Because magistrate judges assist with district court dockets, *see Prater v. Dep't of Corr.*, 76 F.4th 184, 193 (3d Cir. 2023); 28 U.S.C. § 636, we refer, here, to proceedings before either the Magistrate Judge or District Court as "District Court" or "Court" proceedings.

Rule of Criminal Procedure 32.1(b)(1). The Court then ordered him detained pending his final revocation hearing.

Although Smalls was entitled to a preliminary hearing, at which the Probation Office would need to establish probable cause, Smalls waived that opportunity. Six months later, Smalls identified a then-valid district court opinion in *United States v. Mercado*, holding that "no statute . . . authorizes [a defendant's] detention prior to a determination of his guilt on [a] charged [supervised release] violation" and that—because the Non-Detention Act of 1971, 18 U.S.C. § 4001(a), prohibits courts from detaining citizens absent an "Act of Congress"— district courts lacked authority to order such interim detention under the auspices of Rule 32.1(a)(6). 774 F. Supp. 3d 446, 454 (D. Conn. 2025), *vacated sub nom. United States v. Fernandez*, No. 25-206, 2025 WL 2433528 (2d Cir. Aug. 25, 2025). Based on that authority, Smalls moved for release from custody. The District Court denied the motion, concluding that it had authority to detain Smalls and continuing his detention based on both flight risk and danger to the community. *See* Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1).

Smalls next appealed to us, moving for release from custody, and we denied relief in a summary Order dated June 6, 2025.[2] That brings us to Smalls's petition for rehearing, to which we now turn. In it, Smalls argues that this Court should order full briefing and follow the district court's reasoning in *Mercado* to hold that district courts do not have authority to

---

[2] Smalls appealed pursuant to 18 U.S.C. § 3145(c), which allows defendants to appeal post-judgment detention orders. Our Court requires such an appeal be brought by motion. *See* L.A.R. 9.1; *see also* Fed. R. App. P. 9.

4

detain defendants awaiting their revocation determinations. We are not persuaded. Neither, as it turns out, was the Second Circuit, which just issued its opinion vacating the district court in *Mercado*, and concluding that "Section 3143(a)(1) authorizes the detention of a defendant alleged to have violated the terms of his supervised release pending revocation proceedings." *United States v. Fernandez*, No. 25-206, 2025 WL 2433528, at *6 (2d Cir. Aug. 25, 2025). We agree with Judge Bianco's cogent opinion in that case, so while we will grant Smalls's petition for rehearing to provide a fuller explanation of our reasoning, we will once again deny his motion for release.[3]

## II.     Jurisdiction and Standard of Review

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3145(c). We review these "questions of statutory interpretation" *de novo*. *United States v. Poellnitz*, 372 F.3d 562, 570 (3d Cir. 2004).

## III.     Discussion

In his petition for rehearing, Smalls contends that we erred in denying his motion for release in our June 6th Order and that his detention pending a final revocation hearing violates the Non-Detention Act because the District Court

---

[3] Smalls's motion continues to present a live issue. At the parties' request, the District Court has postponed Smalls's final revocation hearing during the pendency of these proceedings, ostensibly to await the conclusion of the pending state charges. Thus, absent relief, Smalls will remain in detention until at least September 24, 2025.

5

lacked statutory authority for that order.[4]  We will adhere to our original disposition because § 3143(a)(1) allows a court to detain a defendant from initial appearance through the final revocation decision.  Below, we first describe the conditional nature of supervised release as part of a sentence, then turn to the District Court's statutory authority under § 3143(a)(1) to detain a defendant pending a final revocation hearing.

A.    Supervised Release and Revocation

Supervised release is "a form of postconfinement monitoring" that permits a defendant "conditional liberty by allowing him to serve part of his sentence outside of prison." *Mont v. United States*, 587 U.S. 514, 523 (2019) (quoting *Johnson v. United States*, 529 U.S. 694, 697 (2000)).  It is imposed as a result of the defendant's initial offense and "constitutes part of the original sentence."  *United States v. Island*, 916 F.3d 249, 252 (3d Cir. 2019) (quoting *United States v. Buchanan*, 638 F.3d 448, 455 (4th Cir. 2011)).  As a "conditional liberty," however, supervised release is subject to the conditions imposed by the court at sentencing and may be revoked if a defendant violates its terms.  *See* 18 U.S.C.

---

[4] The Government counters that, even assuming no statute authorized detention pending a final revocation proceeding, the Non-Detention Act did not supplant judicial detention authority, as Congress enacted § 4001(a) to guard against *executive* detention.  Although we acknowledge the Government's argument, we need not reach the issue because 18 U.S.C. § 3143(a)(1), an Act of Congress, provides authority for Smalls's detention.  *See Armstrong v. Guccione*, 470 F.3d 89, 105 n.2 (2d Cir. 2006); *cf. Hamdi v. Rumsfeld*, 542 U.S. 507, 517 (2004) (plurality opinion).

§ 3583(a), (d), (e)(3), (g). Thus, the initial sentence of conviction includes the terms of supervised release—as well as possible revocation. *See United States v. Haymond*, 588 U.S. 634, 635 (2019) (plurality opinion); *id.* at 658 (Breyer, J., concurring); *United States v. Seighman*, 966 F.3d 237, 245 (3d Cir. 2020).

Federal Rule of Criminal Procedure 32.1, along with 18 U.S.C. §§ 3583 and 3606, work in concert to prescribe the revocation process. To begin, the Probation Office petitions the court for a summons for the defendant to appear, *see, e.g.*, *United States v. Simmons*, 69 F.4th 91, 93 (3d Cir. 2023), or arrests the defendant predicated on a finding of probable cause that the defendant has violated his terms of supervised release, 18 U.S.C. § 3606. Upon arrest, a defendant must be "taken without unnecessary delay" for an initial appearance before a magistrate judge. *Id.*; Fed. R. Crim. P. 32.1(a)(1). Regardless of whether the defendant is summoned or arrested, at the initial appearance, Rule 32.1(a)(6) states that the district court "may release or detain the person under 18 U.S.C. § 3143(a)(1) pending further proceedings," with the burden on the defendant to show "by clear and convincing evidence that [he] will not flee or pose a danger to any other person or to the community." Fed. R. Crim. P. 32.1(a)(6).

For persons who have been arrested or ordered detained, the judge "must promptly conduct a [preliminary] hearing to determine whether there is probable cause to believe that a violation occurred," unless—as in Smalls's case—the defendant waives his right to such a hearing. *Id.* at (b)(1)(A); *see also id.* at (a)(3)(C). Absent probable cause, the judge "must dismiss the proceeding," resulting in a defendant's immediate release, but if there is probable cause, "the [district]

7

court must hold the [final] revocation hearing within a reasonable time." *Id.* at (b)(1)(C), (b)(2). At that final hearing, "if the court . . . finds by a preponderance of the evidence that the defendant violated a condition of supervised release," it may revoke release and remand the defendant to prison. 18 U.S.C. § 3583(e)(3).

### B. Statutory Authority for Detention

Congress explicitly authorized detention at both ends of the revocation process: upon the arrest of a person on supervised release, *id.* § 3606, and at the final revocation hearing if a court determines that a violation occurred, *id.* § 3583(e)(3).[5] The question we consider today is whether courts have statutory authority to detain a defendant between his initial court appearance and his final hearing, as contemplated by Rule 32.1(a)(6).

Rule 32.1(a)(6) purports to rely on 18 U.S.C. § 3143(a)(1) for that authority, and § 3143(a)(1), in turn, provides that a judicial officer:

> shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, unless the judicial officer finds by clear and convincing evidence that the person is not

---

[5] We need not decide today the limits of courts' authority to detain defendants under 18 U.S.C. § 3606, and whether that statute, too, authorizes detention of a person on supervised release pending his final revocation hearing.

likely to flee or pose a danger to the safety of any other person or the community if released . . . .

18 U.S.C. § 3143(a)(1).  So this statute sets two requirements for detention:  A defendant must (1) have been found guilty of an offense, and (2) be "awaiting imposition or execution of sentence."[6]  *Id.*  And if both requirements are satisfied, then § 3143(a)(1) empowers a judge to detain a defendant through the conclusion of the execution of his sentence.

Such is the case here because defendants like Smalls, who are on supervised release and awaiting a revocation hearing, meet both criteria.

First, a person serving a term of supervised release, *a fortiori*, "has been found guilty of an offense." *Id.*  Section 3143(a)(1)'s language and structure make clear that the "offense" in question is the offense of conviction—and not the violation of a term of supervised release. *See United States v. Smith*, 500 F.3d 27, 31 n.3 (1st Cir. 2007).  Specifically, Congress defined "offense," as used in § 3143, to mean a "criminal offense . . . which is in violation of any Act of Congress and is triable by any court established by Act of Congress."  18 U.S.C. § 3156(a)(2).  A supervised release violation is neither:  It is subject to a hearing, not a trial, *see id.* § 3583, and it need not be criminal, *see Johnson*, 529 U.S. at 700 (observing violations leading to revocation "need not be criminal and need only be found by a judge under a

_____

[6] This is subject to an exception inapplicable here:  The statute does not apply to "a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment."  18 U.S.C. § 3143(a)(1).

9

preponderance of the evidence standard"). So the offense for which a defendant must have been found guilty in § 3143(a)(1) could only be the offense of conviction, and Smalls, having been found guilty of violating 21 U.S.C. §§ 841 and 846, fulfills this requirement.

Second, a person charged with violating a condition of his supervised release and awaiting the determination on whether that portion of his previously imposed sentence will be served on release or in custody is "awaiting . . . execution" of his sentence. "Execution" is the carrying out of the defendant's sentence. *See Execution*, Black's Law Dictionary (5th ed. 1979) ("Carrying out some act or course of conduct to its completion."); *cf. Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 243 (3d Cir. 2005) (defining "execution" as the "carrying out" of a sentence under 28 U.S.C. § 2241). And the supervised-release portion of any sentence originally imposed is, by its terms, conditional, incorporating the possibility of revocation. *See Haymond*, 588 U.S. at 635; *id.* at 658 (Breyer, J., concurring); *Seighman*, 966 F.3d at 245. For that reason, "it is the original sentence that is executed when the defendant is returned to prison after a violation of the terms" of his release, *United States v. Paskow*, 11 F.3d 873, 881 (9th Cir. 1993), and § 3143(a)(1) applies to persons on supervised release, like Smalls, who are waiting for that original sentence—whether on release or in detention—to be carried out.

This interpretation is bolstered by three additional considerations.

For one, Rule 32.1(a)(6) cites to § 3143(a)(1) for the authority to detain a defendant pending revocation. The Federal Rules of Criminal Procedure, issued by the Supreme

10

Court and reviewed by Congress have the force and effect of law, *see United States v. Marion*, 404 U.S. 307, 319 (1971), and enjoy presumptive validity, *see Burlington N. R.R. Co. v. Woods*, 480 U.S. 1, 6 (1987). Indeed, the Supreme Court, thus far, has "rejected every statutory challenge to a Federal Rule that has come before" it, *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 407 (2010), and we have no reason to believe Rule 32.1 would be an exception.

For another, Smalls asserts that our interpretation of § 3143(a)(1) raises the specter of double jeopardy because it would subject those charged with violations to an additional sentence for their crime of conviction. He is mistaken. No doubt, if revocation of supervised release constituted an additional sentence or punishment, the interpretation we adopt today "would raise an issue of double jeopardy." *Johnson*, 529 U.S. at 700. But detention pending a final revocation hearing is neither an additional sentence nor punishment. The period of supervised release—including the possibility of revocation—"constitutes part of the *original* sentence," *Island*, 916 F.3d at 252 (emphasis added) (quoting *Buchanan*, 638 F.3d at 455)—and "punishments for revocation of supervised release . . . [are] part of the penalty for the initial offense." *Haymond*, 588 U.S. at 635 (quoting *Johnson*, 529 U.S. at 700–01); *accord Seighman*, 966 F.3d at 245. So Smalls's detention is not the imposition of an additional sentence; his detention through the final revocation hearing is detention pending execution of his originally imposed sentence.

Finally, although a defendant may be detained under § 3143(a)(1) from his initial appearance to the conclusion of his final hearing, district courts do not have unfettered discretion to detain those on supervised release through the

11

duration of their sentence. That power is cabined by several important safeguards, including the procedures laid out in Title 18 of the United States Code and Rule 32.1. For example, a defendant may only be arrested for a supervised release violation upon "probable cause," 18 U.S.C. § 3606, and he then must be taken before the court for an initial appearance "without unnecessary delay," *id.*; *accord* Fed. R. Crim. P. 32.1(a)(1). The preliminary hearing, requiring yet another determination of probable cause, must be held "promptly," Fed. R. Crim. P. 32.1(b)(1)(A), and, if probable cause is found at the preliminary hearing, the final revocation hearing must be held "within a reasonable time," *id.* at (b)(2). Even when the court determines that a violation occurred, § 3583(e) provides additional constraints on the length of confinement a court may enforce upon revocation. 18 U.S.C. § 3583(e). These limits serve to balance the court's authority with the defendant's rights and to encourage courts to complete the revocation process swiftly.

In sum, as the Second Circuit recently observed in overruling *Mercado*, "when a defendant has been charged with a supervised release violation, the initial carceral component of the sentence has been executed, the term of supervised release is being executed, and any consequences for the violation, including the initiation of revocation proceedings, are awaiting execution." *Fernandez*, 2025 WL 2433528, at *8. Thus, Smalls qualified under § 3143(a)(1) as "a person who has been found guilty of an offense and who is awaiting . . . execution of sentence[,]" and when he did not carry his burden to show that he was neither a flight risk nor a danger to the community if released, the District Court was authorized under that statute to order his detention.

## IV.  Conclusion

For the foregoing reasons we will grant Smalls's petition for rehearing and deny his motion for release from custody.