**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

DAVONYA KUSAN GRANT,
*Defendant-Appellant*.

No. 12-50209

D.C. No.
2:05-cr-00130-
GHK-1

OPINION

Appeal from the United States District Court
for the Central District of California
George H. King, Chief District Judge, Presiding

Argued and Submitted
June 7, 2013—Pasadena, California

Filed August 15, 2013

Before: Ronald M. Gould, and N. Randy Smith, Circuit
Judges, and Miranda Du, District Judge.[*]

Opinion by Judge N.R. Smith

---

[*] The Honorable Miranda Du, District Judge for the United States
District Court for the District of Nevada, sitting by designation.

## SUMMARY[**]

### Criminal Law

The panel affirmed a judgment revoking probation and the sentence imposed upon revocation.

The panel held that the district court had jurisdiction to revoke the defendant's probation beyond the original expiration date because the defendant's failure to inform her probation officer that she had moved her residence, as required by the terms of probation, rendered her a fugitive, tolling her probation term. The panel rejected the defendant's argument that a letter she sent to the district court, which contained a different address and phone number than the one in probation's records, precludes her from being a fugitive.

The panel concluded that the sentence was procedurally and substantively reasonable.

### COUNSEL

Kathryn A. Young, Deputy Federal Public Defender, Office of the Federal Public Defender, Los Angeles, California, for Defendant-Appellant.

Thomas D. Coker, Assistant United States Attorney, Office of the United States Attorney, Los Angeles, California, for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

N.R. SMITH, Circuit Judge:

A defendant assumes fugitive status when he "fail[s] to comply with the terms of his supervised release," which includes moving residences without telling his probation officer. *See United States v. Murguia-Oliveros*, 421 F.3d 951, 953 (9th Cir. 2005). Fugitive status tolls the length of time a defendant is ordered to serve probation (the "Probation Term"). *See United States v. Watson*, 633 F.3d 929, 931 (9th Cir. 2011). As such, a defendant's Probation Term is extended for the period of his fugitive status. *See id*. Because Appellant Davonya Kusan Grant's fugitive status tolled her Probation Term, the district court's revocation hearing occurred before the term expired. Thus, the district court had jurisdiction to revoke Grant's probation. Further, the district court did not abuse its discretion when it sentenced Grant.

## BACKGROUND

Grant pleaded guilty to knowingly filing false federal income tax returns. Grant asked for leniency in sentencing, arguing that her mother and children relied on her as the family's sole caregiver. On February 6, 2006, the district court sentenced Grant to five years of probation and ordered Grant to pay restitution. The district court also ordered Grant to "comply with the rules and regulations of the U.S. Probation Office."

The parties do not dispute that Grant complied (more or less) with the terms and conditions of her probation until early 2010. But after the probation office did not receive

Grant's required written reports, Grant's probation officer made several attempts to contact her at home in June and July 2010. At one point, the probation officer left a business card with instructions to report to probation. Eventually, a neighbor told the probation officer that Grant had moved several months earlier. This news prompted the probation officer to file a violation report in July 2010, alleging several probation violations.

Probation sought and obtained a bench warrant for Grant's arrest on July 26, 2010 (the "Warrant"). The warrant petition contained three allegations: Allegation 1 stated that Grant failed to pay restitution; Allegation 2 claimed that Grant failed to file a written report for May and June 2010; Allegation 3 stated that Grant failed to report to probation within 72 hours of any move and had "absconded from supervision."

U.S. Marshals executed the Warrant and arrested Grant on April 4, 2012. After her arrest, the government learned that Grant had committed an additional probation violation in May 2010 stemming from Grant's plea of nolo contendere to state law felonies (for unauthorized use of credit cards). Grant had also failed to report her felony plea to probation as required. After sentencing for the state law crimes, Grant then failed to serve her sentence. The government moved to amend the warrant petition to include this newly discovered violation as Allegation 4. The district court granted the motion to amend.

At Grant's revocation hearing on April 30, 2012 (the "Revocation Hearing"), Grant disputed Allegations 2 and 3 and moved for discovery. The requested documents included probation records and a copy of a letter that Grant sent the

district court in May 2010 (the "May 2010 Letter"), which Grant believed probation possessed. In the May 2010 Letter, Grant stated that she had complied with the terms and conditions of her probation and requested early termination of her probation. Grant claimed the May 2010 Letter's header and signature block contained Grant's new address and phone number. Grant argued that the May 2010 Letter showed she was not a fugitive.

Before the district court could rule on Grant's discovery motion, the government dropped Allegations 2 and 3, and Grant admitted Allegations 1 and 4. Grant's agreement with the government mooted her discovery request, and Grant took no further steps to obtain the requested documents. Grant asked for leniency in sentencing, as she had previously, due to her role as her family's caregiver. After discussing Grant's case and circumstances on the record, the district court revoked Grant's probation. The district court sentenced her to a term of 18 months incarceration and 3 years of supervised release thereafter. Grant's timely appeal followed.

## STANDARD OF REVIEW

We review "de novo whether the district court had jurisdiction to revoke a term of supervised release." *United States v. Ignacio Juarez*, 601 F.3d 885, 888 (9th Cir. 2010). Whether a defendant's fugitive status tolls his Probation Term "is an issue of law . . . ." *Id.* "We review a district judge's sentence for abuse of discretion." *United States v. Blinkinsop*, 606 F.3d 1110, 1114 (9th Cir. 2010).

## DISCUSSION

### A. Jurisdiction

Grant argues that the district court lacked jurisdiction to revoke her probation. We disagree, because Grant's fugitive status tolled her Probation Term from July 2010 until she was found and arrested by federal authorities in April 2012. The time added to her Probation Term extended it well beyond its original expiration date. As a result, the Revocation Hearing occurred during Grant's Probation Term.[1]

A defendant's Probation Term is tolled when the defendant is in "fugitive status." *See Watson*, 633 F.3d at 931. "A defendant is in fugitive status when he fails to comply with the terms of his [probation]." *Id.* We have previously held that a defendant does not comply with the terms of his supervised release when he moves from the area "he was authorized by the terms of his release to be" without telling his probation officer. *Murguia-Oliveros*, 421 F.3d at 953–54; *United States v. Crane*, 979 F.2d 687, 691 (9th Cir. 1992). For example, in *Murguia-Oliveros*, we held that a defendant absconded from supervision when he moved and failed to contact his probation officer. 421 F.3d at 953–54. The defendant also failed to report to probation after being ordered to do so. *Id.* We concluded that the defendant's fugitive status tolled his Probation Term, because "[a] person

---

[1] Accordingly, we do not reach Grant's other arguments that: (1) with respect to Allegation 1, the delay between the end of her probation and the Revocation Hearing in April 2012 was not "reasonably necessary" as required by 18 U.S.C. § 3565(c); and (2) with respect to Allegation 4, the district court failed to grant the request to add the allegation until April 2012, outside her (untolled) Probation Term.

on supervised release should not receive credit against his period of supervised release for time [when], by virtue of his own wrongful act, he was not in fact observing the terms of his supervised release." *Id.* at 954.

A defendant's failure to properly report to a supervising officer may also demonstrate the defendant's fugitive status. *United States v. Delamora*, 451 F.3d 977, 980 (9th Cir. 2006). *Cf. Murguia Oliveros*, 421 F.3d at 953 (rejecting argument that a defendant "could not become a fugitive merely by failing to comply with the terms of his supervised release"). For example, in *Delamora*, the government alleged that Delamora had violated the conditions of his supervised release. 451 F.3d at 979. Delamora failed to report to the supervising officer and failed to file monthly reports. *Id.* at 979. The INS (which had a warrant for Delamora) also could not find him. *Id.* at 979. We concluded that "Delamora became a fugitive when he stopped reporting to his probation officer and absconded from supervision." *Id.* at 980.

In this case, it is undisputed that Grant failed "to comply with the terms of [her probation]." *Watson*, 633 F.3d at 931. Grant admitted that she violated her probation by failing to pay restitution and by committing a felony. Grant also admitted that she failed to timely report her nolo contendere plea to the felony as her probation terms required. The record provides no explanation for Grant's failure to properly appear and serve her sentence on the state felony conviction. On appeal, Grant also fails to provide an explanation, further demonstrating that she was a fugitive. In addition, Grant does not argue on appeal, and the record does not show, that she informed her probation officer of her move within 72 hours, as her probation terms required. Similarly, Grant does not argue that she fully complied with her monthly reporting

requirement. Indeed, the record suggests that Grant filed an incomplete report in May 2010 and failed to submit any report thereafter.[2] Thus, based on the undisputed facts, Grant assumed fugitive status in July 2010 (at the latest) by moving, failing to inform her probation officer, and otherwise failing to comply with the terms of her probation.

To avoid this result, Grant points to one potential factual issue. Grant argues that the May 2010 Letter she sent to the district court, which contained a different address and phone number than the one in probation's records, gave probation notice that she had moved. According to Grant, the government could not prove Allegation 3—that she had absconded—because they never attempted to execute the Warrant at the new address. Thus, she argues, the May 2010 Letter precludes the government's argument that she was a fugitive.

Grant cannot rely on the May 2010 Letter, because Grant does not argue that she sent it to probation. Further, the letter was a plea to the court to terminate her probation early, and made no indication that she had changed her address. As such, the May 2010 Letter did not give probation the notice required by Grant's probation terms and conditions.[3]

---

[2] While Grant denied to the district court that she failed to submit a proper monthly report for May and June 2010, she offers no argument to rebut her probation officer's assertions that she filed an incomplete report in May 2010 and failed to file any subsequent report.

[3] United States Probation Office General Order 318 sets forth the 72-hour deadline to inform probation of a change in residence.

Grant does not argue that she complied with her residence and reporting requirements, only that probation *could* have contacted *her* if it had the May 2010 Letter. Grant cites no authority requiring probation to continuously attempt to reach her. It was Grant's duty, not probation's, to affirmatively comply with Grant's probation conditions. Grant cannot place her own failure to comply at probation's (or the district court's) feet. *Cf. Watson*, 633 F.3d at 930 (refusing to impute constructive knowledge of defendant's whereabouts to probation based on defendant's arrest by state police). Accordingly, Grant was a fugitive, her fugitive status tolled her Probation Term, and the district court had jurisdiction to revoke her probation.

## B. Sentencing

Grant challenges her sentence, arguing that the district court committed procedural error and that her sentence was substantively unreasonable. For the reasons set forth below, we reject Grant's arguments.

### 1. Procedural Reasonableness

Grant failed to object to the district judge's sentencing procedure below; therefore, we review the district court's decision for plain error. *Blinkinsop*, 606 F.3d at 1114. Under the sentencing statute, the district court was required to "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). "Nonetheless, when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation." *Rita v. United States*, 551 U.S. 338, 356 (2007).

Here, the district court listened to Grant's arguments, stated that it had reviewed the criteria set forth in § 3553(a), noted that the Guidelines are advisory, and imposed a sentence within the Guidelines range. *See Blinkinsop*, 606 F.3d at 1114–15. Its failure to do more does not constitute plain error. *See id*.

### 2. *Substantive Reasonablness*

The "[s]ubstantive reasonableness of a sentence, reviewed for abuse of discretion, is applicable in all sentencing decisions and is not affected by failure to object." *Blinkinsop*, 606 F.3d. at 1116. While "we do not automatically presume reasonableness for a within-Guidelines sentence, in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Treadwell*, 593 F.3d 990, 1015 (9th Cir. 2010) (internal quotation marks omitted). To determine if Grant's sentence was reasonable, we must consider the "'totality of the circumstances' and recognize that '[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case.'" *Blinkinsop*, 606 F.3d at 1116 (alteration in original) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). Thus, the district court abuses its discretion only if its decision was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *United States v. Maier*, 646 F.3d 1148, 1156 (9th Cir. 2011).

In this case, Grant's sentence, at the low end of the Guidelines range, was reasonable. As the district court noted, Grant indisputably committed a serious breach of trust by committing a felony and failing to notify the court or her

probation officer about the act while asking to terminate her probation early.  Further, the nature of the state felony demonstrates a return to criminal behavior similar to the underlying offense, sparking a need for continuing deterrence and to protect the public.  *See Treadwell*, 593 F.3d at 1015 (upholding sentence and noting the "need to deter recidivism and protect the public"); *United States v. Overton*, 573 F.3d 679, 700–01 (9th Cir. 2009) (citing defendant's "undeterred recidivism" to support the reasonableness of his sentence). Finally, Grant offered very little by way of mitigation during her sentencing, simply invoking, as she had previously, her need to provide for her family.  The record plainly shows that the district court made several references to Grant's family obligations and specifically reasoned that it could not allow Grant's family to become her "license to flout the law [and] flout the regulations."    Thus, Grant's sentence was substantively reasonable.

## CONCLUSION

The record demonstrates Grant's fugitive status.  As such, the Revocation Hearing fell within Grant's Probation Term, and the district court had jurisdiction to revoke Grant's probation.  Further, the district court did not abuse its discretion in sentencing Grant.

**AFFIRMED**.