**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  18-10229 |
| Plaintiff-Appellee, | D.C. No. 3:17-cr-00098-LRH-VPC-1 |
| v. | |
| MATHEW HOVIOUS, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted September 11, 2019**
San Francisco, California

Before:  WALLACE, BEA, and FRIEDLAND, Circuit Judges.

Mathew Hovious ("Hovious") appeals from his sentence of 96 months in

prison from a conviction for bank robbery, in violation of 18 U.S.C. § 2113(a),

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

following his open guilty plea, on the basis that the sentence was substantively unreasonable. Hovious also asks the court to vacate two conditions of supervised release: a warrantless search condition and an employment restriction condition that would prevent him from dealing with money.

On October 23, 2017, Hovious entered a US Bank branch and handed a teller a threatening note claiming he had a gun and an accomplice and demanding small denomination bills. The teller collected cash from her drawer and handed it to him in an amount later determined to be $2,600, and Hovious left the bank. Hovious later told investigators that he did not have either a gun or an accomplice. Hovious was arrested on October 25, 2017. On March 6, 2018, Hovious pleaded guilty in an open plea to bank robbery in violation of 18 U.S.C. § 2113(a).

Prior to sentencing, the United States Probation Office prepared a presentence report, which correctly calculated his guideline range as 46-57 months in prison but recommended an upward variance to 96 months. At sentencing, Hovious argued for a downward variance to 30 months, presented evidence of childhood abuse and an expert witness to the effects of long periods in solitary confinement, and objected to the recommendation of an upward variance. He did not object to any of the probation conditions. The district court sentenced Hovious to 96 months in prison.

Hovious argues his sentence is substantively unreasonable because it varies upward from the guideline range even though the government and Hovious argued for a sentence within or below the guideline range, and because the district court rejected Hovious's mitigation evidence of his traumatic childhood and periods in solitary confinement and overemphasized his "non-violent stale prior convictions."

This court reviews the substantive reasonableness of a sentence for abuse of discretion. *United States v. Grant*, 727 F.3d 928, 933 (9th Cir. 2013) (citing *United States v. Blinkinsop*, 606 F.3d. 1110, 1116 (9th Cir. 2010)). The court considers the "totality of the circumstances," and recognizes "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case." *Id*. (quoting *Blinkinsop*, 606 F.3d at 1116). The district court abused its discretion only if the sentence imposed was "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id*. (quoting *United States v. Maier*, 646 F.3d 1148, 1156 (9th Cir. 2011) (quoting *United States v. Hinkson*, 585 F.3d 1247 (9th Cir. 2009) (en banc)).

Hovious's sentence of 96 months is not substantively unreasonable merely because it varies above the guidelines and adopts the recommendation in the presentence report rather than the recommendations of the parties. "A defendant has no right to a Guidelines sentence." *United States v. Hilgers*, 560 F.3d 944, 947

(9th Cir. 2009) (citing *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008) (en banc)). "[A]n appeals court may not presume that an out-of-Guidelines sentence is unreasonable." *Id.* (citing *Carty*, 520 F.3d at 994).

Hovious argues the district court dismissed or disregarded his mitigation evidence and expert witness to focus on his older convictions. The transcript shows the district court acknowledged Hovious's sentencing memorandum, the presentence report-which the district court adopted, and heard from Hovious's expert witness, counsel's argument, character witness, and from Hovious. Further, the district court discussed the information received, and explained the weight it gave the information and reasons for agreement or disagreement with inferences and conclusions to be drawn from the information before it.

The district court did not dismiss the expert witness, but stated it considered his testimony and explained that it gave his testimony less weight because the doctor had not either examined Hovious or the record of why Hovious had been placed in solitary confinement nine times in eight years. The district court did not

focus only on Hovious's prior, older convictions,[1] but considered the § 3553(a) factors, including Hovious's personal history and characteristics, the need for deterrence and to protect the public, and to promote respect for the law. The district court discussed extensively Hovious's background, the offense, and the reasons for the sentence imposed. The district court noted Hovious's lengthy criminal history-mostly predating his time in solitary confinement, that he had evolved from non-violent offenses to threatening the bank teller that he had a gun, and that he had committed this last offense after repeated incarcerations, shortly after his release, on probation, and while he had a job, a vehicle, and a place to live. The district court noted Hovious received little incarceration time for offenses earlier in life and had not "learned anything from his convictions, arrests, or sentences[,] or probations . . . up to that period of time." Further the district court recommended that Nevada authorities consider making any sentence Nevada may impose when revoking Hovious's parole concurrent with the federal sentence because federal

---

[1] Hovious had 16 prior convictions from 1998 to 2006 for second degree burglary, driving under the influence and open container/ drinking alcohol in a vehicle, theft, under the influence of a controlled substance, attempt to obtain money under false pretenses, petty theft with priors, escape from jail while charged with a felony, petty theft with prior jail, grand theft of personal property, under the influence of a controlled substance, under the influence of controlled substances and parole violations, second degree burglary, defrauding an innkeeper, and two counts of burglary.

prisons have a greater ability to "treat someone like Mr. Hovious" than state systems.

A variance of 39 months over the top of the guidelines range of 57 months is a large variance. *Hilgers*, 560 F.3d at 948. A major departure requires "a more significant justification than a minor one." *Gall v. United States*, 552 U.S. 38, 50 (2007). Given the district court's review of all the factors, including the fact that Hovious's criminal history was underrepresented in the guideline's calculation, the court cannot say that a sentence 39 months over the guidelines was unreasonable. *Hilgers*, 560 F.3d at 948 (affirming a district court sentence for mortgage fraud "3 years longer than the top of the Guidelines range" of 18 months where, among other factors, the guidelines inadequately reflected the potential loss to victims). The district court sufficiently supported its conclusion that an above guidelines sentence was necessary with analysis of Hovious's past criminality, lack of response to prior sentences, personal history, and the nature and circumstances of the crime. *Id*. (determining the district court supported its above guidelines sentence with findings as to the defendant's "past criminality, his lack of response to prior sentences, his personal characteristics and his lack of remorse"). Hovious's sentence of 96 months in prison is affirmed.

Hovious also appeals imposition of Special Condition number 1, which permits warrantless searches of Hovious, his residence, and property, by the probation officer or an authorized person under the probation officer's supervision. Hovious did not object to this special condition in the district court, so the court's review is limited to plain error. *Blinkinsop*, 606 F.3d at 1118. "Plain error is (1) error, (2) that is plain and (3) affects 'substantial rights,'" and "(4) seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Barsumyan*, 517 F.3d 1154, 1160 (9th Cir. 2008) (quoting *United States v. Olano*, 507 U.S. 725, 732–34 (1993)); *see also Blinkinsop*, 606 F.3d at 1114 n.2.

Hovious argues the district court erred by failing to make an individualized assessment on the record with record evidence that Special Condition number 1 is necessary to further the statutory goals of supervision. Hovious argues this condition affects his substantial rights by "strip[ping] him of all privacy and liberty interests."

The district court did not plainly err in imposing this special condition. The district court was not required to make an individualized assessment, and *Betts* does not hold that it is required. *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007). Rather *Betts* upheld a warrantless search condition of supervised release under a more stringent abuse of discretion standard as protecting the public and

7

furthering the goals of post release supervision. *Id*. Further, this warrantless search condition does not affect a substantial right as did the condition in the case Hovious cites, *United States v. Wolf Child*, 699 F.3d 1082 (9th Cir. 2007), which prohibited a parent from contacting his minor child, *id.* at 1096–97. *See United States v. Cervantes*, 859 F.3d 1175, 1184 (9th Cir. 2017) (upholding a warrantless search condition of supervised release where defendant had a long criminal history and prior violations of supervision).

The parties agree that Special Condition number 9, an employment restriction that Hovious not engage in work that would require him to handle money, is not necessary to protect the public and should be vacated. This case is remanded for elimination of Special Condition number 9.

**AFFIRMED IN PART AND REMANDED IN PART.**