**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50098 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00466-DSF-9 |
| v. | |
| JOSE GONZALEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted May 9, 2023**
Pasadena, California

Before: HURWITZ and R. NELSON, Circuit Judges, and KANE,*** District Judge.

Jose Gonzalez challenges the sentence imposed upon revocation of

supervised release following his admission to illegal entry after deportation, among

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

other violations. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

1.      Gonzalez first argues that the district court plainly erred by failing to adequately explain its reasons for imposing a twenty-four-month sentence, which was above the United States Sentencing Guidelines (the "Guidelines") range of six to twelve months. "Whether the district court provided an adequate statement of reasons for the sentence it imposed is a question of law that we review *de novo*"—however, "[i]f a defendant fails to object to the district court's failure to adequately state reasons," the "sentence is reviewed for plain error." *United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006). The district court did not plainly err because it made appropriate reference to 18 U.S.C. §§ 3583(e) and 3553(a), stating that "this greater period of incarceration than would otherwise be the sentence range is appropriate" because of the "greater likelihood" that Gonzalez would "pose a continuing danger to the community, relapse into criminal activity, and continue to breach the [c]ourt's trust." The cases cited by Gonzalez are inapposite. *See United States v. Hammons*, 558 F.3d 1100, 1104–05 (9th Cir. 2009) (court failed to give any reasons for imposition of sentence); *United States v. Waknine*, 543 F.3d 546, 554 (9th Cir. 2008) (court "gave no reasons in reference to the § 3553(a) factors before imposing the sentence").

2.      Gonzalez then argues that the district court erred by failing to find, by

clear and convincing evidence, the facts upon which it relied to increase his sentence. Gonzalez failed to preserve this issue below, and therefore we review for plain error. *See United States v. Jordan*, 256 F.3d 922, 926 (9th Cir. 2001). Any error cannot be "plain" because Gonzalez points to no controlling authority indicating that the district court should have applied the clear and convincing evidence standard—not the preponderance of the evidence standard—when considering the relevant § 3583(e) factors during the revocation of supervised release. *See United States v. Gonzalez-Aparicio*, 663 F.3d 419, 428 (9th Cir. 2011).

3.      Finally, Gonzalez contends that the district court's sentence was substantively unreasonable. We review the substantive reasonableness of a sentence for abuse of discretion, regardless of whether the defendant objected to the sentence's reasonableness before the district court. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007); *United States v. Grant*, 727 F.3d 928, 933 (9th Cir. 2013). In reviewing for abuse of discretion, we "take into account the totality of the circumstances," *Gall*, 552 U.S. at 51, and "recognize that '[t]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case,'" *United States v. Blinkinsop*, 606 F.3d 1110, 1116 (9th Cir. 2010) (alteration in original) (quoting *Gall*, 552 U.S. at 51). In imposing a sentence, "the district court abuses its discretion only if its decision was '(1) illogical,

(2) implausible, or (3) without support in inferences that may be drawn from the facts in the record.'" *Grant*, 727 F.3d at 933 (quoting *United States v. Maier*, 646 F.3d 1148, 1156 (9th Cir. 2011)).

Viewing the totality of the circumstances, which involved law enforcement's post-deportation discovery of Gonzalez living in this country in a home with a loaded semi-automatic rifle, and a large quantity of stolen goods in his garage, the district court's imposition of a twenty-four-month sentence, which was more than the six- to twelve-month Guidelines range but less than the thirty-three months sought by the government, and within the sixty-month statutory range, was not substantively unreasonable. Recognizing the district court's "superior position to find facts and judge their import under § 3553(a)," *Gall*, 552 U.S. at 51 (citation omitted), the district court did not abuse its discretion in imposing a twenty-four-month sentence upon revocation of Gonzalez's supervised release.

**AFFIRMED.**