**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

AUG 29 2024

**FOR THE NINTH CIRCUIT**

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-2068 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00349-SI-23 |
| v. | MEMORANDUM* |
| ANDREW ROWLAND, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted August 22, 2024**
Portland, Oregon

Before: WALLACH,*** CHRISTEN, and HURWITZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Andrew Rowland appeals a district court order revoking his supervised release and sentencing him to twenty-four months of incarceration with no additional term of supervised release. Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm.

1. Rowland's argument that the district court impermissibly relied on unproven criminal conduct is groundless. The district court carefully distinguished the unproven criminal conduct and pending state charges against Rowland from his violations of the conditions of supervised release. Also, the district court's sentencing decision made no mention of the unproven criminal conduct asserted by Rowland.

2. Rowland's contention that the district court provided insufficient explanation for its above-Guidelines sentence is also unsupported by the record. A district court is required to provide specific reasons for exceeding sentencing guidelines. *United States v. Miqbel*, 444 F.3d 1173, 1179 (9th Cir. 2006). The court, however, is not required to cite to specific factors under 18 U.S.C. § 3553 or even reference the statute; it need only "provide a sufficient explanation of the sentencing decision to permit meaningful appellate review." *United States v. Trujillo*, 713 F.3d 1003, 1009 (9th Cir. 2013).

The district court extensively discussed throughout the hearing the relevant history of violations of the conditions of supervised release and Rowland's related

2

substance use and addiction.  Further, the district court's sentencing decision refers to this history.

3.      Rowland's argument that the district court's sentencing decision was substantively unreasonable is also unavailing.  Whether the district court's sentence was substantively reasonable is reviewed for abuse of discretion under the "totality of the circumstances." *United States v. Blinkinsop*, 606 F.3d 1110, 1116 (9th Cir. 2010) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).  "[A] district court abuses its discretion only if its decision was '(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record.'" *United States v. Grant*, 727 F.3d 928, 933 (9th Cir. 2013) (quoting *United States v. Maier*, 646 F.3d 1148, 1156 (9th Cir. 2011)).

The district court here explained that Rowland's extensive history of repeatedly absconding from supervised release, driven by his substance abuse, even after a prior revocation sentence involving a combination of a shorter term of imprisonment and additional supervised release, demonstrated that he was no longer suitable for community supervision.  This history is a cognizable sentencing factor under 18 U.S.C. § 3553(a)(1), documenting the "nature and circumstances of the offense and the history and characteristics of the defendant."  The twenty-four-month duration of the sentence was also the same as the term of supervised release from which Rowland had most recently absconded.  The sentence and explanation

was grounded in the record and consideration of the factors prescribed in 18 U.S.C. § 3583(e), and was not illogical, implausible, or without support in inferences that may be drawn from the facts in the record.

**AFFIRMED.**